WALTER RICHARD MISCH, *p.a. vs.* THOMAS MONTGOMERY. WALTER P. MISCH *vs.* SAME.

JANUARY 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   In accordance with leave granted in our opinion filed July 21, 1938, counsel for the plaintiffs appeared before us to show cause why judgment should not be entered for the defendant in each case. They were then given further leave to argue the matter on October 10, 1938, at which time they were duly heard.

They contended chiefly that there was direct evidence that the defendant, Tommy Montgomery, hit the plaintiff,

Dicky Misch, and that therefore the cases of the plaintiffs did not rest solely upon a series of inferences. The only alleged direct evidence of this fact is not found by plaintiffs' counsel in the testimony of Dicky Misch but in the following testimony of his playmate, Chester Vallie: Q. "Now, Chester, you think back to the time Dicky got hurt, and tell us what you remember, what happened that day?" A. ". . . A little later, pretty soon, it began to get dark, and I saw Tommy come out of the garage door, and he went behind the car, and I didn't see him any more. The two girls were sitting on the running-board, towards the water . . . Dicky was jumping back and forth, behind the bush, and all of a sudden we saw him start to walk towards the house, and we went over and asked him what was the matter, and he said Tommy hit him in the eye with the slingshot."; and in the testimony of another playmate, William G. J. Paton, which is as follows: Q. "Did Dicky say anything as to who had hit him or anything? What did Dicky say?" A. "We asked him who hit him. He thought Tommy did."

After giving careful consideration to this contention, we are unable to agree that this testimony, in the light of the other uncontradicted evidence in the case, is direct evidence of the alleged principal fact that Tommy Montgomery hit Dicky Misch. Without questioning at this time the admissibility of this testimony—as there was no objection by the defendants to its admission at the trial in the superior court—it appears to us to be totally lacking in probative force for reasons which we shall now state.

First, it is to be observed that neither of these witnesses testified as to the fact of the hitting from knowledge obtained by his own observation, but only as to what the plaintiff Dicky Misch said after the accident, and the testimony of each boy, as to what Dicky said, is different. Chester Vallie testified that "he (Dicky Misch) said Tommy hit him in the eye with the slingshot." But all that Billy

Paton testified to is: "We asked him (Dicky Misch) who hit him. He *thought* Tommy did." (italics ours) However it is significant that, though Dicky Misch was examined at great length on the witness stand, he was at no time interrogated by his counsel as to what, if anything, he did say to Paton and Vallie after the accident. On the contrary, he, himself, testified that, at the time he was hit, he did not know that Tommy Montgomery was about to fire a slingshot or that he did fire it at that moment, and, moreover, that he could not see Tommy at that time.

Second, it appears clearly from the record that on account of the darkness, no one on Dicky Misch's side in the Paton yard could distinguish any one in the Montgomery yard just before the accident. Dicky, himself, testified in cross-examination that just before he was hit, Tommy and the girls in the Montgomery yard were behind an automobile and were sticking their heads out from time to time but he could not tell whose head came out just before he was hurt. He also testified that he was hit while Tommy and the girls were behind the automobile, *and that he did not know who hit him.* Both Paton and Vallie also testified that it was too dark at that time to see anybody in the Montgomery yard.

In the light of this testimony, the conclusion is inescapable that what William Paton and Chester Vallie testified Dicky Misch said, is evidence of nothing more than an opinion formed by Dicky, as to who hit him, without any foundation on which to base it. Dicky's own testimony thus destroys the opinion which he expressed to Paton and Vallie, and deprives it of what, if any, probative force it might otherwise have had.

For the reasons stated, we are of the opinion that no cause has been shown by the plaintiffs why the opinion of the court, as previously filed in these cases, should not stand.

The cases are, therefore, remitted to the superior court with instructions to enter judgment in each case for the defendant.

*George Paul Slade, Greenough, Lyman & Cross,* for plaintiff.

*Andrew P. Quinn, Alan P. Cusick,* for defendant.